# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DORENA STANTON,**

    **Plaintiff**

    v.

**RED WING BRANDS OF AMERICA, INC., A Foreign Profit Corporation,**

    **Defendant.**

    _____/

CASE NO.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DORENA STANTON (hereinafter referred to as "Plaintiff"), files suit against RED WING BRANDS OF AMERICA, INC., (hereinafter referred to as "Defendant") and in support of states as follows:

### INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADA") and Title VII of the Civil Rights Act of 1964 and seeks damages, including back pay, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

### JURISDICTION

2. The acts and omissions giving rise to this action occurred in Seminole County, Florida.

3. Plaintiff was employed by Defendant in Seminole, Florida.

4. Defendant operates stores throughout Florida including Seminole County.

5. This is an action at law raises a federal question under federal law, specifically the

ADA and Title VII. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit A**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

8. Plaintiff was an employee of Defendant for approximately ten (10) years.

9. Plaintiff was hired by Defendant in 1999.

10. Plaintiff was a devoted employee and continued to work for Defendant through February 2019.

11. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12. Plaintiff is protected by the ADA because she suffers from Epilepsy, therefore, either:

    a. Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
    b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

13. Defendant is a Foreign Profit Corporation which operates a company focusing on shoe sales.

14. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

15. In 2018, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

16. In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

17. At all times relevant, Defendant was engaged in an industry affecting commerce.

18. At all times relevant, Defendant was engaged in an activity affecting commerce.

19. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

20. Plaintiff was hired by Defendant on or about November 29, 1999.

21. Plaintiff worked for Defendant as "District Retail Manager."

22. In addition to District Retail Manager, Plaintiff held numerous positions, including Region Operations Manager, Region Operations and Sales Manager and Territory Sales Manager.

23. Plaintiff was a Territory Sales Manager until the end of her employment of February 27, 2019.

24. Plaintiff previously suffered from epilepsy.

25. Epilepsy affected Plaintiff's daily living activities.

26. Plaintiff had been an employee in good standing and had received numerous accolades for the work she did for the company.

27. While employed by Defendant, Plaintiff suffered from epilepsy.

28. Plaintiff's epileptic condition never interfered with her ability to perform her job

duties, and it was consistently controlled by medication.

29. Nevertheless, epilepsy is a disability.

30. On January 25, 2019, Ms. Wendi Eyster informed Mr. Greg Guillot, Region Director, about Plaintiff's epileptic condition.

31. Ms. Eyster was aware of Plaintiff's condition since 2005.

32. Mr. Guillot, in turn, shared the information with the Company's Human Resources Department.

33. Mr. Guillot and Defendant's representatives began to act and treat Plaintiff differently after this revelation.

34. For example, once a group of co-workers, including Plaintiff, were going to drive together from a hotel to a work exhibition where Defendant was an exhibitor.

35. The question arose who would drive.

36. One co-worker suggested that Plaintiff drive.

37. Mr. Guillot responded that he would rather walk than allow Plaintiff to drive.

38. Plaintiff continued to be singled out due to her epileptic condition.

39. The Company terminated Plaintiff on or about February 27, 2019, just weeks after being told about her condition.

40. Plaintiff notified her supervisors about her medical conditions.

41. Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

42. At the time of her termination Plaintiff was qualified for her position.

43. At the time of her termination Plaintiff was able to perform the essential functions of her job.

44. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

45. Plaintiff received positive reviews regarding her job performance in 2019.

46. Plaintiff received a bonus of approximately $30,000 in 2019.

47. Plaintiff received service awards in 2004, 2009 and 2019.

48. During Plaintiff's employment with Defendant treated Plaintiff different than her counterparts.

49. Plaintiff was only one of approximately twenty-four (24) employees in her position, Territory Sales Manager.

50. Although Plaintiff applied for positions in advancement, Plaintiff was summarily denied for these promotions.

51. For example, Plaintiff applied for the position of Regional Director.

52. Although Plaintiff was a top producer and received many rewards, Plaintiff was summarily denied the position.

53. Plaintiff was told that the company would go "in another direction."

54. At other times, Plaintiff's supervisor, Mr. Guillot would use Plaintiff's expense account and reprimand her for exceeding her limits when her male counterparts would never have to deal with issues.

55. Male employees who worked for Defendant received preferential treatment over females while Plaintiff worked for Defendant.

56. Defendant's actions constitute discrimination in violation of the ADA.

57. Defendant's actions constitute retaliation in violation of the ADA.

58. Defendant's action constitute discrimination in violation of Title VII.

59. Defendant's action constitute retaliation in violation of Title VII.

## COUNT I
## DISABILITY DISCRIMINATION

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 59 above.

61. Plaintiff was a qualified individual with a disability.

62. Plaintiff was perceived as disabled by Defendant.

63. Defendant was Plaintiff's employer as defined by the ADA-AA.

64. Defendant discriminated against Plaintiff because of her disability in violation of the ADA-AA.

65. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

66. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

67. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

68. Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

69. As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

70. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

71. Defendant's violation of the ADA-AA were willful.

72. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a)   judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;
    b)   judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;
    c)   judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;
    d)   judgment in her favor and against Defendant for punitive damages;
    e)   judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and
    f)   Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

73. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 59.

74. Plaintiff is protected by Title VII because she is female and had the experience and skills to perform the job duties of her position.

75. Plaintiff suffered a materially adverse employment action when she was terminated.

76. Plaintiff was treated less favorably than her male co-workers when she was terminated.

77. Based on the conduct described in this Complaint, Defendant is liable for gender-based discrimination in violation of Title VII.

78. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

79. Defendant's alleged legitimate, non-discriminatory reason for terminating Plaintiff is pretext for discrimination based on gender.

80. Defendant's conduct harmed and caused damage to Plaintiff.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

81. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 59 above.

82. Plaintiff's disability was disclosed to Defendant.

83. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's disability.

84. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

85. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

86. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c) judgment against Defendant for compensatory damages;

d) judgment against Defendant for punitive damages;

e) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

g) Granting such other and further relief as the Court deems just.

## COUNT IV
## PERCEIVED DISABILITY IN VIOLATION OF THE ADA

88. Plaintiff realleges and adopts the allegation of paragraphs 1-59 above.

89. Plaintiff was a qualified individual with a disability.

90. Plaintiff was perceived as disabled by Defendant.

91. Defendant discriminated/retaliated against Plaintiff because of her disability in violation of the ADA-AA.

92. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

93. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

94. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part because of Plaintiff's disability/perceived disability.

95. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

96. As a direct, natural, proximate and foreseeable result of the action of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life and other non-pecuniary losses.

97. Defendant's violations of the ADA-AA were willful.

98. Plaintiff is entitled to recover attorney's fee and costs pursuant to 42 U.S.C. 1981a(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

h) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;
i) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;
j) judgment against Defendant for compensatory damages;
k) judgment against Defendant for punitive damages;
l) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;
m) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and
n) Granting such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this day 18th of March, 2020,

Respectfully submitted,

*s/Carlos V. Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
The Leach Firm, P.A.
631 S. Orlando Ave, Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of March, 2020, a copy of the foregoing was sent by filed using the e-portal system, which will send a copy to opposing counsel.

***s/Carlos V. Leach***
Carlos V. Leach, Esq.